CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUN 0 8 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PATRICIA W. HARRISON, | ) |
| | ) CASE NO. 3:08CV00044 |
| | ) |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) By:  B. Waugh Crigler |
| | )       U. S. Magistrate Judge |
| | ) |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's June 30, 2005 protectively-filed claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged date of disability onset, December 31, 2004, and that she was insured for benefits through December 31, 2009. (R. 15.) The Law Judge further found that

plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status/post fusion of the cervical spine; a history of asthma[1]; questionable seizure and cognitive disorder; depression; anxiety; and obesity. (*Id.*) The Law Judge determined that her severe impairments, viewed individual or in combination, were not severe enough to meet or equal a listed impairment. (R. 16.) The Law Judge was of the view that although plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms, her statements and those of her witnesses concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible." (R. 21.) The Law Judge concluded that plaintiff retained the residual functional capacity ("RFC") to perform sedentary work which involves simple, routine tasks performed alone rather than as a team. (R. 19.) Moreover, the Law Judge found that work performed by her should be done in an environment which avoids concentrated exposure to respiratory irritants (such as fumes, odors, dusts, gases, and poor ventilation) and avoids workplace hazards (such as moving machinery). (*Id.*) Because plaintiff's past relevant work involved physical activities greater than her RFC, the Law Judge determined that plaintiff could not return to her past relevant work.[2] (R. 25.) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations and by reference to testimony provided by the vocational expert, the Law Judge concluded that jobs as an account clerk, quote clerk, and document preparer were available to her. (R. 25-26.) Thus, the Law

---

[1] The Law Judge noted that although plaintiff suffered with asthma, she continued to smoke. (R. 15.)

[2] Plaintiff's past relevant work included that of a receiving clerk, supervisor route sales person and delivery driver, convenience store manager, courtesy booth cashier, cashier, sale's clerk, pricing clerk, and stock clerk. (R. 25.)

2

Judge determined that plaintiff was not disabled under the Act. (R. 26.)

Plaintiff appealed the Law Judge's March 25, 2008 decision to the Appeals Council, which found no basis in the record, or in the reasons the plaintiff advanced on appeal, to review the Law Judge's decision. (R. 5-7.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of her motion for summary judgment, plaintiff initially argues that the Law Judge's credibility evaluation is not consistent with Social Security Ruling ("SSR") 96-7p because the Law Judge failed to consider the entire record. (Pl's Brief, pp. 6-9.) Plaintiff contends that the Law Judge erred in pointing out inconsistencies in her statements because any discrepancies are consistent with the finding that she suffers a diminished capacity for memory and recall, not support for an adverse credibility determination. (Pl's Brief, pp. 7-8.) The undersigned disagrees. The Law Judge's credibility determination is supported by substantial evidence.

SSR 96-7p clarifies when a claimant's symptoms require a credibility determination and sets forth the two-step process for evaluating or assessing a claimant's statements about his or her symptoms. SSR 96-7p sets forth a two-step process: Initially, the Law Judge must determine whether there is an underlying medically determinable impairment which could be expected to produce the symptoms alleged by the claimant. Once such an underlying medically determinable impairment has been found, the Law Judge must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which the symptoms limit the claimant's ability to perform basic work activities. When the claimant's statements about the intensity, persistence, or functionally liming effects of the symptoms are not supported by

3

substantial objective medical evidence, the Law Judge must evaluate the claimant's credibility based on the entire record.

In assessing plaintiff's credibility, the Law Judge initially found that her medically determinable impairments reasonably could be expected to produce some of the alleged symptoms. (R. 21.) The Law Judge then found that plaintiff's statements and those of her witnesses concerning the intensity, persistence and limiting effects of her symptoms were "not entirely credible." (*Id.*) In support of this finding, the Law Judge noted that plaintiff made inconsistent or contradictory statements about her weight gain as well as about her smoking and drinking habits. (*Id.*) The Law Judge concluded that this significantly undermined her credibility as a whole. (*Id.*)

The Law Judge's analysis references record evidence which supports his finding that plaintiff was "not entirely credible." For example, the Law Judge noted that, although plaintiff testified in February 2008 that she stopped drinking alcohol about six years before and had never been a heavy drinker, the record reveals that, on July 17, 2005, she admitted to previously drinking heavily for a year and to having ceased drinking for only a year and a half. (R. 21, 332, 516-517.) The record further reveals that on March 4, 2004 plaintiff's physician diagnosed her as suffering from alcoholism and noted that she had agreed to attend AA meetings. (R. 218.) These are no small matters which lead the undersigned to believe the Law Judge's adverse credibility evaluation is consistent both with SSR 96-7p and the substantial record evidence.

Next, plaintiff argues that the Law Judge did not give proper weight to the medical evidence because he first discounted the opinion offered by the examining psychologist, Penny Lynn Sprecher, Ph.D., and then gave controlling weight to the non-treating, non-examining State

agency psychologist, Eric Oritt, Ph.D. (Pl's Brief, pp. 9-12.) Plaintiff contends that if the Law Judge had afforded proper weight to Dr. Sprecher's evidence he essentially would have been compelled to find her impairment met paragraph B of § 12.04 of the Listings, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Pl's Brief, pp. 10-11.)

Under the Regulations and applicable circuit decisional authority, the Law Judge and the Commissioner must consider the following in evaluating and weighing medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

Paragraph B[3] of Listing § 12.04, Affective Disorders, provides that a claimant must exhibit at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04(B).

The Law Judge found that even though Dr. Sprecher opined that plaintiff suffered a cognitive disorder, depressive disorder, and generalized anxiety disorder, the psychologist failed to provide any specific limitations caused by these conditions which would establish marked limitations in two of the paragraph B criteria. (R. 18-19.) In fact, the psychologist was of the

---

[3]In order to meet Listing § 12.04, a claimant must meet the requirements set for in paragraphs A and B or paragraph C.

5

view that plaintiff exercised independence in basic activities such as toileting, brushing her teeth and feeding herself and that she had several close friends. (R. 368.) Dr. Sprecher determined that plaintiff had a below average intellectual ability and that she presented with problems in the areas of concentration/attention and short-term recall, but she did not suggest that plaintiff experienced repeated episodes of decompensation, each of extended duration. (R. 367.) Dr. Sprecher's findings do not to include a relevant functional assessment.

Dr. Oritt found that plaintiff suffered only mild restrictions on her activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence, or pace; and no limitation caused by repeated episodes of decompensation, each of extended duration. (R. 380.) His psychological findings were affirmed by a second State agency record reviewing psychologist, Alan D. Erdin, Ph.D. (R. 370, 384.)

In the absence of any other specific mental limitations by Dr. Sprecher which would have established that plaintiff met the requirements of paragraph B, the court would be hard-pressed to find that the Law Judge did not err in affording controlling weight to the State agency record reviewing psychologists. The record, as a whole, substantially supports the Law Judge's finding that plaintiff's mental impairment does not meet paragraph B of Listing § 12.04.

Plaintiff next contends that the case should be remanded to evaluate whether she meets Listing § 12.07. (Pl's Brief, p. 12.) Plaintiff argues that the persistence of her pain, in combination with her physician's suggestion that her medical conditions could be psychological in nature, warrant remand to assess her case under Listing § 12.07. (*Id.*)

Listing § 12.07 provides:

> Somatoform Disorders: Physical symptoms for which there are no demonstrable

6

Case 3:08-cv-00044-NKM-BWC   Document 18   Filed 06/08/09   Page 6 of 9   Pageid#: 70

organic findings or known physiological mechanisms.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

> A. Medically documented by evidence of one of the following:
>
> 1) A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often and alter life patterns significantly; or
>
> 2) Persistent nonorganic disturbance of one of the following:
>
> a. Vision; or
>
> b. Speech; or
>
> c. Hearing; or
>
> d. Use of a limb; or
>
> e. Movement and its control (e.g., coordination disturbance, psychogenic seizures, akinesia, dyskinesia); or
>
> f. Sensation (e.g., diminished or heightened).
>
> 3) Unrealistic interpretation of physical signs or sensations associated with the preoccupation or belief that one has a serious injury;

AND

B. Resulting in at least two of the following:

    1) Marked restriction of activities of daily living; or

    2) Marked difficulties in maintaining social functioning; or

    3) Marked difficulties in maintaining concentration, persistence, or pace; or

    4) Repeated episodes of decompensation, each of extended duration.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.07.

Paragraph B of Listings §§ 12.04 and 12.07 are identical. As noted, the Law Judge found that plaintiff did not meet paragraph B under Listing § 12.04, a finding which the undersigned has determined is supported by substantial evidence. Therefore, the foundation for plaintiff's argument that remand is necessary to determine whether she meets § 12.07 crumbles.

Finally, plaintiff argues that the Law Judge's consideration of the evidence before him fails to comply with SSR 86-14c. (Pl's Brief, p. 13.) Specifically, she contends that the Law Judge's evaluation of the evidence from her neurologist, Stacey L. Epps, M.D., was not proper. (*Id.*) However, SSR 86-14c applies to child's insurance benefits for children born outside of marriage. Plaintiff is an adult who applied for a period of disability and disability insurance benefits. (R. 61-72.) Thus, SSR 86-14c is not applicable here.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding

8

United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

June 8, 2009
Date