IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PATRICIA W. HARRISON, *Plaintiff,* <br><br> v. <br><br> MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, *Defendant* | CIVIL NO. 3:08CV00044 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon the parties' cross motions for summary judgment (docket no.s 12 and 15), the Report and Recommendation of the U.S. Magistrate Judge (docket no. 18), and the Plaintiff's objections thereto (docket no. 19).

I referred this matter to the Honorable B. Waugh Crigler, U.S. Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on June 8, 2009, recommending that this Court enter an order granting the Commissioner's motion for summary judgment. The Plaintiff timely filed objections to the Report on June 15, 2009, obligating the Court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b) (2006); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). The Commissioner did not file a response to the Plaintiff's objections. After a thorough examination of the documented record, the applicable law, and the Plaintiff's objections, I hereby adopt the Report of the Magistrate Judge and will grant the Commissioner's motion for summary judgment.

# I. BACKGROUND

Plaintiff Patricia Harrison protectively applied for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. (R. 61-71, 101.) She alleged a disability onset date of December 31, 2004. (R. 79.) Harrison alleged neck pain, gait problems, possible multiple sclerosis, vision problems, numbness in her extremities, tremors in her hands and legs, and depression. (R. 79.) Harrison's medical records indicate that she underwent successful surgery in May 2005 to repair damaged discs in her spine that were causing nerve compression. (R. 198-99.) She was diagnosed after seeking medical treatment for neck and back pain and numbness in her arms, which she complained of for about a year before her surgery took place. (R. 196.) After her surgery, Harrison continued to seek medical attention for neck and back pain, numbness and pain in her arms and legs, lack of balance, and tremors in her arms and legs. (R. 312, 331-33.) Because of these symptoms, she claimed that she was unable to walk on her own, and required either a walker or a wheelchair to get around. (R. 495-96.) She also complained of headaches, blurry vision and dizziness. (R. 332-33.) After her surgery, Harrison suffered periodic episodes, she described as seizures, in which she fell and lost consciousness. (R. 398, 427, 428, 493.) She complained of repeated minor seizures that did not involve loss of consciousness. (R. 492.) Harrison testified before the ALJ that because of these seizures, she was instructed by her doctors not to drive. (R. 499-500.)

Harrison ultimately filed an application for disability benefits, claiming that she was unable to work as a result of chronic pain, fatigue, dizziness, numbness in her arms and legs, and recurring seizures. The Plaintiff's claims for benefits were denied initially and upon reconsideration. (R. 28-35, 39-41.) Thereafter, Harrison timely requested a hearing before an administrative law judge ("ALJ"), which was held on February 21, 2008. (R. 42-44, 475-539.)

At the hearing, Plaintiff was represented by counsel and presented testimony from herself and a friend. A vocational expert also testified. (R. 475-539.)

In a decision ultimately adopted as the final decision of the Commissioner, the ALJ concluded that Harrison could perform unskilled, sedentary jobs that exist in significant numbers in the national economy (R. 9-27). The ALJ determined that Harrison had not engaged in substantial gainful activity since December 31, 2004, her alleged date of disability onset, and that she was insured for benefits through December 31, 2009. (R. 15.) The ALJ further found that the Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status/post fusion of the cervical spine; a history of asthma; questionable seizure and cognitive disorder; depression; anxiety; and obesity. (*Id.*) However, the ALJ determined that these impairments, individually or in combination, were not severe enough to meet or equal a listed impairment. (R. 16.) The ALJ also found that although Harrison's impairments could reasonably be expected to produce some of her alleged symptoms, her testimony regarding the intensity, persistence and limiting effects of those symptoms was not entirely credible. (R. 21.) The ALJ concluded that Harrison retained the residual functional capacity ("RFC") to perform sedentary work involving simple, routine tasks performed alone. (R. 19.) As a result, the ALJ determined that Harrison was not disabled under the Act. (R. 26.)

Harrison timely appealed the ALJ's decision to the Appeals Council, which denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 5-7.) Harrison timely filed the instant action on October 29, 2007. The parties filed cross-motions for summary judgment, and the Magistrate Judge recommended that this Court enter an order granting the Commissioner's motion for summary judgment. The Magistrate Judge found that the ALJ's decision was supported by substantial evidence and recommended that the

Commissioner's final decision be affirmed.

In her objection to the Magistrate Judge's Report, Harrison argues that her testimony was consistent, and that the ALJ's adverse credibility finding was unreasonable and based on insufficient evidence. Harrison also argues that the findings of the examining psychologist, Dr. Sprecher, should be given greater weight than the findings of the non-examining state agency psychologists. She also argues that based on Dr. Sprecher's testimony, which was corroborated by the testimony of Harrison's roommate, a remand to the ALJ for further evaluation would be appropriate.

## II. STANDARD OF REVIEW

This Court must uphold the Commissioner's factual findings if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. § 405(g) (2000); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F. 2d 640, 642 (4th Cir. 1966).

In determining whether the Commissioner's decision was supported by substantial evidence, the Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." *Craig*, 76 F.3d at 589. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (internal quotation marks omitted). Accordingly, a court may not undertake a *de novo* review of the Commissioner's decision, and the fact that the record may support a conclusion inconsistent with that of the Commissioner is

Case 3:08-cv-00044-NKM-BWC   Document 20   Filed 07/17/09   Page 4 of 9   Pageid#: 80

immaterial. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. DISCUSSION

### A. The ALJ's Credibility Determination is Supported by Substantial Evidence

There is substantial evidence in the record to support the ALJ's conclusion that Harrison's testimony was not entirely credible. As long as the ALJ's credibility determination is supported by substantial evidence, this Court cannot substitute its own credibility determination for that of the ALJ. *Craig*, 76 F.3d at 589. However, if there is not such support in the decision, the court may not perform an independent analysis of the claimant's credibility. *Jolly v. Barnhart*, 465 F.Supp.2d 498, 505 (D.S.C. Sept. 27, 2006).

The ALJ's credibility determination was based on the lack of objective medical evidence to support Harrison's allegations of the intensity, persistence and limiting effects of her symptoms, as well as on Harrison's inconsistent or contradictory statements about her weight gain and her smoking and drinking habits. (R. 21.) Specifically, the ALJ noted that Harrison testified at the hearing that she weighed 175 pounds, but that she had weighed about 125 pounds before she got sick. However, her medical records indicated that she weighed between 162 and 188 pounds between February 2004 and August 2005, and Harrison testified that she weighed 175 pounds at the hearing before the ALJ. There are no medical records or other evidence that show her weight at or around 125 pounds. The ALJ also noted inconsistencies in Harrison's statements at the hearing and to her treating doctors about the amount she smoked; she stated at various times that she smoked a pack every three days, half a pack per day, and a pack a day. (R. 21, 515, 436, 332.) The ALJ noted similar inconsistencies in Harrison's statements regarding her drinking habits, including her statements regarding when she stopped drinking and how much she drank. (R. 21, 197, 332, 516-17.)

More importantly, the ALJ relied heavily on the fact that Harrison's medical records provided little support for her claims about the intensity, persistence and limiting effects of her symptoms. For example, while Harrison continued to complain about pain and numbness in her right arm, none of her physicians could find any diagnostic reason for her symptoms. (R. 22.) Examinations by several different doctors revealed only normal results. (*Id.*) Similarly, the ALJ questioned Harrison's allegations regarding her leg pain, because no diagnostic cause could be found for those symptoms, and examinations revealed basically normal results. (R. 22-23.) The ALJ also pointed out that no diagnostic cause could be found for Harrison's alleged seizures, and that her physicians suspected the episodes she suffered may have been a result of improper levels of medication. (R. 17.) Finally, the ALJ noted the conclusion of Dr. Epps, a neurologist who evaluated Harrison in 2006. Dr. Epps stated that she had a difficult time getting a medical history from Harrison, and she suspected that most of Harrison's symptoms were "supratentorial." (R. 23.) Based on this evidence in the record, the ALJ concluded that, "The claimant's treatment record does not support her allegations regarding the severity of her limitations. . . . None of the x-ray, MRI or other imagery and testing evidence provides objective support for an impairment that could reasonable produce the extent or intensity of the claimant's symptoms; there is clearly some symptom magnificent on the part of the claimant." (R. 25.) I find that this conclusion was based on sufficient evidence. The ALJ clearly considered the entire record in making the credibility determination, and his decision notes the specific grounds on which his credibility determination rests. Therefore, Harrison's objection to the ALJ's credibility determination will be overruled.

## B. The ALJ Afforded the Proper Weight to the Findings of the Examining Psychologist

Harrison also argues that the ALJ gave insufficient weight to the opinion and conclusions of Dr. Sprecher, a psychologist who examined Harrison at the request of the Virginia Department of Rehabilitative Services. Based on a single examination, Dr. Sprecher diagnosed Harrison with cognitive disorder, depressive disorder, and generalized anxiety disorder, and found that she had below average intellectual ability. (R. 18-19.) Dr. Sprecher otherwise gave no opinion about Harrison's mental capabilities or capacity, and no opinion regarding Harrison's ability to work. (R. 19, 365-69.) Harrison also argues that the ALJ gave too much weight to the opinions of the non-examining Disability Determination Service ("DDS") consultants, who determined that Harrison did not suffer from a mental impairment that met or equaled the criteria of a listed impairment.

In order to meet the criteria of Paragraph B of Listing § 12.04, Affective Disorders, a claimant must exhibit at least two of the following: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04(B). The DDS consultants, who did not examine or treat Harrison, determined from their review of her medical records that Harrison did not meet at least two of those criteria.

The ALJ is generally required to give more weight to examining physicians than non-examining physicians. 20 C.F.R. § 404.1527(d)(1). The ALJ is also required to consider the findings of agency consultants as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(i). In evaluating both types of opinions, the ALJ must consider: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the

supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005)).

The ALJ did consider Dr. Sprecher's opinion in determining whether Harrison suffered from a mental impairment that is or equals a listed impairment. However, the ALJ determined that there was no evidence from Dr. Sprecher's evaluation to contradict the findings of the DDS consultants. (R. 18.) Instead, Dr. Sprecher's evaluation largely supported the conclusions of the DDS consultants. For example, Dr. Sprecher noted that Harrison exercised independence in basic activities, that she had several close friends, that she was able to understand instructions, and that she was very verbal and did a good job of expressing herself. (R. 367-68.) Given that Dr. Sprecher's opinion contains nothing that would contradict the findings of the DDS consultants, I find that the ALJ's conclusion was based on substantial evidence, and Harrison's objection will be overruled.

## IV. CONCLUSION

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate Judge's Report, the Court overrules the Plaintiff's objections. The Commissioner's decision that Harrison is not disabled is supported by substantial evidence. Accordingly, I will adopt the Report and Recommendation of the U.S. Magistrate Judge filed June 8, 2009, grant the Commissioner's motion for summary judgment, deny the Plaintiff's motion for summary judgment, and affirm the Commissioner's decision to deny benefits. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to U.S. Magistrate Judge B. Waugh Crigler.

ENTER: This 17th day of July, 2009.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE